562 So.2d 1271 (1990)
In re CUSTODY OF Stona JACKSON, a Minor.
Daniel B. Jackson
v.
Penelope B. Jackson Terrill.
No. 89-CA-0151.
Supreme Court of Mississippi.
May 16, 1990.
*1272 Michael Clayton Barefield, Aultman Tyner McNeese & Ruffin, Hattiesburg, for appellant.
James R. Hayden, William L. Peebles, and Gregory L. Gore, Hattiesburg, for appellee.
Before DAN M. LEE, P.J., and ANDERSON and PITTMAN, JJ.
ANDERSON, Justice, for the Court:
This appeal involves modification of a child custody order from the Chancery Court of Lamar County. Daniel B. Jackson, petitioner below and appellant here, filed a Petition for Writ of Habeas Corpus. Thereafter, Penelope B. Jackson Terrill, respondent below and appellee here, filed an Answer to Petition and Cross-Petition for Modification and Other Relief. The court denied and dismissed Jackson's Petition and awarded, among others, the paramount care, custody and control of the parties' minor child to Terrill. Aggrieved, Jackson timely appealed. We find from a thorough review of the record that the lower court did not comply with the Uniform Child Custody Jurisdiction Act (UCCJA), and therefore, erred in denying and dismissing Jackson's Petition for Writ of Habeas Corpus. We reverse the judgment of the lower court and render the cause.

FACTS
Jackson and Terrill were married and divorced in their home state of Indiana. The May 13, 1981, Indiana decree awarded custody of the parties' minor child to Terrill and certain visitation privileges to Jackson. *1273 In August 1984, Terrill and the parties' child moved to Germany for a scheduled stay of three years. Terrill and Jackson both subsequently remarried, Jackson in 1984 and Terrill in 1988.
For various reasons in 1987 during Terrill's and the child's stay in Germany, Jackson filed a Petition for Modification of the original divorce decree in the Indiana court. Terrill, represented by counsel, was granted a continuance in the proceedings, but filed a Petition for modification of the original Indiana decree in the German court. There, an Order dated February 20, 1988, was entered awarding custody of the minor to Terrill for the length of her stay in Germany. Thereafter, the Indiana court entered an Order dated March 8, 1988, modifying the original Indiana decree, awarding the care, custody and control of the parties' minor child to Jackson and reasonable visitation privileges to Terrill.
Terrill did not obey the Indiana Order and the child remained with her until November 1988, when Terrill, the child, and Terrill's second husband moved from Germany to Lamar County, Mississippi. The record does not disclose what, if any, contact Terrill or her second husband had with Mississippi. Terrill's second husband was a member of the military and worked at the University of Southern Mississippi. We assume his military career was responsible for their residence here.
In November 1988, Jackson filed a Petition for Writ of Habeas Corpus to enforce the March 8, 1988, Indiana decree. On December 26, 1988, Terrill filed an Answer to Jackson's Petition along with several motions, affirmative defenses and a cross-petition. A hearing was held on the matter wherein the chancellor held that the Indiana Decree was null and void, since that the court did not comply with the UCCJA and Terrill was not represented by counsel or present at the hearing. The chancellor awarded Terrill the paramount care, custody and control of the parties' minor child, ordered Jackson to pay the sum of one hundred dollars ($100.00) per month child support for the months of September through May of each and every year, and awarded Jackson visitation rights with the minor child for three months during the summer, Christmas holidays, and spring break of each and every year.

I.
Among others, Jackson complained on appeal that the chancellor erred in finding the Indiana court decree null and void, and thereby dismissing his habeas corpus petition. We agree with Jackson's position. The record evinces that the Indiana court complied with the UCCJA, and therefore, should have been given full faith and credit.
The UCCJA is codified in the Indiana Uniform Child Custody Jurisdiction Act Section 31-1-11.6-3, Ind. Statutes Annotated, 1987, as amended, and Section 93-23-5, Mississippi Code Annotated (Supp. 1989). The Code sections are verbatim. Section 93-23-5 of the Mississippi Code (Supp. 1989) provides:
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceeding and the child absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with the state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or
(c) The child is physically present in this state and (i) the child has been abandoned, or (ii) it is necessary in an *1274 emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(d)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (a), (b) or (c), or another state has declined to exercise jurisdiction on the he ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.
(2) Except under paragraphs (c) and (d) of subsection (1) of this section, physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
"Home state" is "the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least six (6) consecutive months, ... Periods of temporary absence of any of the named persons are counted as part of the six-month or other period." Section 93-23-3(f), Mississippi Code Annotated (Supp. 1989) (emphasis added); Indiana Code, Section 31-1-11.6-2(5) (1987). "State" is "any state, territory or possession of the United States, the Commonwealth of Puerto Rico and the District of Columbia." Section 93-23-3(k), Mississippi Code Annotated (Supp. 1989); Indiana Code, Section 31-1-11.6-2(10) (1987).
In both Mississippi and Indiana, a court must determine whether or not to exercise jurisdiction before it proceeds under the UCCJA. Clark v. Clark, 404 N.E.2d 23 (Ind. App. 1 Dist. 1980), set out a three-part test in making such a determination: (1) subject matter jurisdiction, (2) pending litigation in a foreign state, and (3) convenience of forum.
The Indiana appeals court stated in In Re Marriage Of Hudson, 434 N.E.2d 107 (Ind. App. 4 Dist. 1982):
[A] petitioner need not demonstrate minimum contacts under International Shoe [v. Washington (1945) 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95] between the absent parent and the forum in custody proceedings under the UCCJL. Rather, custody is in effect an adjudication of a child's status, which falls under the status exception of Shaffer v. Heitner, (1977) 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683. A court may therefore adjudicate custody under the UCCJA without acquiring personal jurisdiction over an absent party given reasonable attempts to furnish notice of the proceedings.
Id. at 117. See, also, Clark v. Atkins, 489 N.E.2d 90 (Ind. App. 3 Dist 1986) (the jurisdictional aspects of the UCCJA encompass subject matter rather than personal jurisdiction).
In Clark v. Clark, supra, where the court held the fact the mother moved to another state away from Indiana did not defeat the Indiana court's subject matter jurisdiction over the issue of the minor child's custody. The court stated:
In order to have the power to determine the right to custody as between litigants, a court must have subject matter-jurisdiction over the person of the child. Subject matter jurisdiction can be based either on the domicile or residence of the minor child. The domicile of a minor child whose parents have been divorced is deemed to be that of the parent who has been awarded custody. His or her residence, on the other hand, cannot be so categorically determined. [Citations omitted.]
Just as the physical presence of the child before the court without more no longer automatically confers jurisdiction on the court in a custody matter, the absence of the child does not automatically defeat the court's jurisdiction. The `home state' concept, then, confers subject matter jurisdiction over the person of the child *1275 without the necessity of physical presence. [Citations omitted.]
* * * * * *
A typical example is the case of the couple who are divorced in state A, their matrimonial home state, and whose children are awarded to the wife, subject to visitation rights of the husband. Wife and children move to state B, with or without permission of the court to remove the children. State A has continuing jurisdiction and the courts in state B may not hear the wife's petition to make her the sole custodian, eliminate visitation rights, or make any other modification of the decree, even though state B has in the meantime become the `home state' under section 3. The jurisdiction of state A continues and is exclusive as long as the husband lives in state A unless he loses contact with the children, for example, by not using his visitation privileges for three years. [Citation omitted.]
Id. at 31. See, also, Owens, By and Through, Mosley v. Huffman, 481 So.2d 231, 243-244 (Miss. 1985). However, the UCCJA precludes a court from exercising jurisdiction over a child custody matter when there is a simultaneous proceeding in another state. See, Clark v. Clark, supra; Huffman, supra.
Inconvenient forum is the final test which may cause the court to decline to exercise its jurisdiction. "The Commissioners on Uniform Laws note that `[t]he purpose of this provision is to encourage judicial restraint in exercising jurisdiction whenever another state appears to be in a better position to determine custody of a child. It serves as a second check on jurisdiction once the test of section 3 or 14 has been met.'" Clark, 404 N.E.2d at 32. See, also, Huffman, supra. Upon concluding that no state qualifies as the child's home state, the court must turn to the significant connection provision of the UCCJA. Clark v. Clark, 404 N.E.2d 23 (Ind. App. 1st Dist. 1980).

II.
We find in reviewing the record that the Indiana court properly adjudicated the matter under the UCCJA for several reasons: (1) under Indiana law Terrill's presence was not required at the hearing once she received notice of the proceedings, despite the fact she was represented by counsel; (2) the Indiana court had subject matter jurisdiction; (3) there was no pending litigation; (5) the forum was not inconvenient; and (6) Jackson had significant connections with the State of Indiana. Contrary to the chancellor's finding, the record evinces that Terrill had notice of the Indiana hearing in question. She hired an attorney to enter an appearance on her behalf and to obtain a continuance.
Secondly, under the UCCJA Indiana had subject matter jurisdiction of the cause at the time of its March 8 Decree. Jackson still had significant connections with Indiana. See, Clark, supra. Both he and Terrill were Indiana residents at the time of their marriage and divorce. Third, there was no pending litigation at the time Jackson filed his petition in Indiana. Finally, under the facts here, the Indiana forum was not inconvenient. In fact, Indiana was the only possible forum under our definitions of "state" and "home state".
Mississippi courts are required to give full faith and credit to foreign court orders, especially in light of the UCCJA. In the case sub judice the lower court erred in declaring the Indiana decree null and void. At the time the decree was entered, Indiana had jurisdiction.
Mississippi courts have authority to modify a foreign court decree; however, the lower court here improperly assumed jurisdiction under the UCCJA. Terrill and the parties' child had no significant connection with Mississippi prior to moving from Germany. At the time Jackson filed his petition, Terrill and the minor child had lived in the state for less than one (1) month. In such instances, for the lower court to exercise jurisdiction the child must be a resident of Mississippi for at least six (6) months prior to the filing a petition for custody and/or modification of a custody decree. Such is not the situation here.

*1276 CONCLUSION
We respectfully find that the able chancellor incorrectly held the Indiana decree was null and void, and improperly assumed jurisdiction over the cause for the foregoing reasons. The Indiana court proceedings were in substantial accordance with the UCCJA, and met the jurisdictional standards of the Act. The Chancery Court of Lamar County was required to give full faith and credit to the Indiana court order under the UCCJA. Therefore, we reverse the lower court's Judgment dated January 17, 1989, and order that the petition for habeas corpus be granted, and that Jackson be given custody of the parties' minor child in accordance with the Indiana decree dated March 8, 1988. In light of our holding, Jackson's other issues assigned as error will not be discussed.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BLASS, JJ., concur.